UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID POSCHMANN,

    Plaintiff,

v.                                          Case No: 8:21-cv-0281-KKM-TGW

RESORT AT CANOPY OAKS, LLC,

    Defendants.
_____

## ORDER DENYING MOTION TO DISMISS

Defendant Resort at Canopy Oaks, LLC, moves to dismiss Plaintiff David Poschmann's complaint as moot under Federal Rule of Civil Procedure 12(b)(1). (Doc. 12). Specifically, Defendant argues that there is no live controversy now because it has remedied the allegedly defective aspects of its website under the regulations implementing the Americans with Disabilities Act. (Doc. 12).

The Court agrees with Defendant that a change of the website could potentially moot Plaintiff's claims and that any mooting of the claim would also resolve Plaintiff's claim for attorneys' fees. *See Haynes v. Hooters of Am., LLC*, 893 F.3d 781, 784 (11th Cir. 2018); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 600 (2001) (holding that a party must secure a judgment on the merits or a court-ordered consent decree to be a prevailing party under the ADA). But Defendant has not presented enough evidence to demonstrate that Plaintiff's claims are actually moot.

*See Haynes*, 893 F.3d at 784 (finding a claim of ADA website compliance not moot in part because there was no record evidence that the website had actually been remedied); *see* 2 Moore's Federal Practice – Civil § 12.30 ("[When considering a Rule 12(b)(1) motion], the court need not confine its evaluation to the face of the pleadings, but may review or accept any evidence such as affidavits, or it may hold an evidentiary hearing."). Instead of providing screenshots of the website or specific language or information that complied with regulations, Defendant provided an affidavit attesting only that "the Website was updated to address all violations alleged by Plaintiff" and "now provides detailed information concerning the accessible features of the resort's accessible cottage, and allows for the booking of the accessible cottage." (Doc. 12-1 at 2). This is insufficient to show that all of Plaintiff's claims for injunctive relief were rendered moot. Accordingly, Defendant's Motion to Dismiss (Doc. 12) for lack of subject matter jurisdiction is **DENIED WITHOUT PREJUDICE**.

**Ordered** in Tampa, Florida, on May 10, 2021.

Kathryn Kimball Mizelle
United States District Judge